IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LINKEX, INC., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 3:10-CV-2372-M |
| | § | |
| CH ROBINSON COMPANY, INC., CH | § | |
| ROBINSON INTERNATIONAL, INC., | § | |
| and DARRYL ELLIS d/b/a D Logistics, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's Motion to Remand [Docket Entry #14]. For the reasons stated below, the Motion is **DENIED**.

I.  BACKGROUND AND PROCEDURAL HISTORY

In October of 2009, LinkEx contracted with CH Robinson Company, Inc. and CH Robinson International, Inc. (collectively "CH Robinson"), which in turn subcontracted with Darryl Ellis, to deliver cargo from Los Angeles to Dallas. On or about October 23, 2009, while en route, the cargo was allegedly stolen and was never recovered. On October 19, 2010, LinkEx sued CH Robinson and Ellis in state court, alleging breach of contract, negligence, and a violation of 49 U.S.C. § 14706.

On October 22, 2010, LinkEx served the Original Petition on CH Robinson,[1] and an affidavit of such service was filed in state court on October 26, 2010. On October 22, 2010, LinkEx purported to serve Ellis through the Office of the Texas Secretary of State, which sent

---

[1] Notice of Removal, Exh. 1.

Ellis a copy of the Citation and Original Petition on October 27, 2010, via certified mail.[2] The Texas Secretary of State received the return receipt on November 8, 2010.[3]

On November 11, 2010, CH Robinson's counsel sought Ellis's consent to remove the case to federal court, but never received a response.[4] On November 15, 2010, the Texas Secretary of State certified completion of service on Ellis, but such service was not reflected on the state court docket sheet.[5] On November 19, 2010, CH Robinson timely removed, without obtaining Ellis's consent. In its notice of removal, CH Robinson stated that consent by Ellis was not necessary under the unanimity rule because Ellis had not been served at the time of removal. After removal, Plaintiff's process server filed with the state court an affidavit prior confirming service on Ellis.[6]

Plaintiff now moves to remand the case to state court, based on Ellis's lack of consent at the time of removal. After the Motion to Remand was filed, Ellis filed an Answer to Plaintiff's Complaint in this Court [Docket Entry #21], stating he consents to removal.

## II. LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal court if the district court has original jurisdiction.[7] Removal jurisdiction is strictly construed, because it implicates important federalism concerns.[8] In considering a motion to remand, a court is to resolve issues of material fact in the plaintiff's favor, and any doubts are to be resolved against removal.[9] The

---

[2] Pl.'s Mot. to Remand, App. 1.
[3] *Id.*
[4] CH Robinson's Resp. to Pl.'s Mot. to Remand, App. 1.
[5] *Id.;* Notice of Removal, Exh. 4.
[6] CH Robinson's Resp. to Pl.'s Mot. to Remand, App. 14.
[7] 28 U.S.C. § 1441(b) (2006).
[8] *See Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002).
[9] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

removing party bears the burden of establishing jurisdiction[10] and compliance with the requirements of the removal statute.[11]

The removal statute has been interpreted to require that all defendants properly joined and served at the time of removal consent to the notice of removal.[12] This is commonly known as the "unanimity rule" or the "unanimous consent rule."[13]

### III. ANALYSIS

Plaintiff's only argument for remand is that CH Robinson did not satisfy the unanimity rule by obtaining Ellis's consent before removing. It is undisputed that Ellis was properly served before CH Robinson filed its notice of removal and that Ellis had not consented to the removal at the time CH Robinson filed its notice of removal, but it is also undisputed that CH Robinson was unaware at the time of removal that Ellis was properly served, since the court file showed no return of service.

Two courts in this circuit have held that consent to removal must only be accomplished as to those codefendants who the removing defendants knew or should have known that their codefendants were served at the time of removal.[14] In *Waffer v. City of Garland*, the court held that the nonremoving codefendant's consent to removal was not required when, at the time of the removal, the case file at the state courthouse did not indicate that the codefendant had been served.[15] Similarly, here, the state docket sheet did not give any indication that Ellis was served.

---

[10] *Shearer v. Sw. Serv. Life. Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008).
[11] *Saldana v. S. Tex. Lighthouse for the Blind*, No. C-10-19, 2010 WL 519689, at *2 (S.D. Tex. Feb.8, 2010).
[12] *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) (quoting *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988)).
[13] *See Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 375 (5th Cir. 2006) (referring to "unanimity rule"); *Doe v. Kerwood*, 969 F.2d 165, 169 (5th Cir. 1992) (referring to "unanimous consent rule").
[14] *Waffer v. City of Garland*, No. 3:01-cv-1355-G, 2001 WL 1148174, at *2 (N.D. Tex. Sept. 19, 2001) (Fish, J.) (holding consent for removal unnecessary if official case file gave no indication that non-removing defendant had been served); *Milstead Supply Co. v. Cas. Ins. Co.*, 797 F. Supp. 569, 573 (W.D. Tex. 1992).
[15] 2001 WL 1148174, at *2.

In *Marquette Business Inc. v. America's Kitchen, Inc.*, Chief Judge Fitzwater concluded that the unanimity rule was not satisfied when the nonremoving defendant had waived any challenge to the validity of the service of process, did not join in or consent to the removal, and, notably, did not join in or consent to removal after the motion to remand was urged.[16] The court noted that the rationale for the unanimity rule is that a plaintiff should only be required to proceed against multiple defendants in one action,[17] and that policy is satisfied when, unlike the situation in *Marquette*, the nonremoving codefendant later consents to removal.[18] Here, Ellis so consents, and therefore, there is no possibility that the case will be split by action of the Defendants. Therefore, Ellis's lack of consent at the time of removal does not mandate remand.

## CONCLUSION

Therefore, Plaintiff's Motion to Remand is **DENIED**.

**SO ORDERED**.

April 12, 2011.

**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**

---

[16] *Marquette Business Inc. v. America's Kitchen, Inc.*, No. 3:09-cv-1937-D, 2010 WL 1711767, at *4 (N.D. Tex. Apr. 28, 2010) (Fitzwater, J.).
[17] *Id.*
[18] *Id.*; *Ondova Ltd. Co. v. Manila Industries, Inc.*, No. 3:07-cv-1812-D, 2007 WL 4104192, at *2 (N.D. Tex. Nov. 19, 2007) (Fitzwater, J.).